## IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

FOR PUBLICATION

**Filed:** September 8, 1998

FILED

September 8, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| HERBERT S. MONCIER, | ) |
| | ) |
| PETITIONER, | ) |
| | ) |
| v. | ) No. 01S01-9704-OT-00079 |
| | ) |
| CHARLES E. FERRELL, IN HIS | ) |
| CAPACITY AS THE ADMINISTRATIVE | ) |
| DIRECTOR OF THE COURTS, | ) |
| | ) |
| RESPONDENT. | ) |

FOR PETITIONER:

HERBERT S. MONCIER
KNOXVILLE

FOR RESPONDENT:

JOHN A. DAY
NASHVILLE

# O P I N I O N

DENIED                                                                 HOLDER, J.

# OPINION

The defendant, Thomas Dee Huskey, has been charged on four counts of murder, eleven counts of rape, fourteen counts of kidnapping and three counts of robbery. The State filed notice of intention to seek the death penalty.

In November of 1992, the petitioner, Herbert S. Moncier, and a second attorney were appointed pursuant to Tenn. R. Evid. 13 to represent Huskey. Tennessee Rules of the Supreme Court, Rule 13 § 1 permits appointment of two attorneys for one defendant in capital cases. The petitioner sought additional reimbursement in the trial court for two additional attorneys, for paralegals and for various other expenses. The trial judge entered an order granting reimbursement for two additional attorneys not to exceed $ 10,000.00 and for paralegals at $ 15 per hour not to exceed $ 5,000.00. The order was entered nunc pro tunc to the date of the petitioner's appointment.

In May of 1996, the petitioner submitted a bill to the Administrative Office of the Courts ("AOC") in the amount of $ 24,315.82. The bill included both in-court and out-of-court costs for the petitioner's time. The petitioner's bill also included the time spent by two additional attorneys, paralegal services, meals, and Federal Express charges. The AOC denied a portion ($ 7,585.22) of the petitioner's bill and paid him $ 16,730.00.

In July of 1996, the petitioner filed a motion in the trial court for an order authorizing additional paralegal services at $ 25.00 an hour not to exceed $ 7,500.00. The petitioner further sought an order granting general approval of ongoing expert services and occasional meals. The trial court entered an order approving the petitioner's requests.

2

In November of 1996, the petitioner inquired into the adjustments made by the AOC to his May 1996 bill and submitted another bill to the AOC for $ 43,745.55. In this bill, the petitioner sought reimbursement for lunch expenses from Sam & Andy's, Calhouns, Kroger, Walmart, Ships, Wheel Calbash, Pete's and Takeout Taxi totaling approximately $ 706.13. The AOC denied reimbursement for meal expenses on the basis that Rule 13 does not permit reimbursement of meals in the city where appointed counsel practices. The AOC issued a check to the petitioner for $ 43,039.42.

In December of 1996, the petitioner submitted two bills. The first bill to the AOC totaled $ 8,229.55. The bill consisted primarily of the petitioner's time but also included a Federal Express bill of $ 127.75. The AOC denied the Federal Express charge because no prior approval was obtained pursuant to Rule 13. The AOC issued a check to the petitioner in the amount of $ 8,101.80. The second bill totaled $ 16,799.75. Included in the second bill was a charge for $ 13,427.25 associated with paralegal services. The AOC denied the paralegal charges on the basis that no prior approval was obtained and that paralegal expenses are not an allowable expense under Rule 13.

The petitioner has sought our review of the AOC's denials of request for payment. The respondent argues that review of the first bill is time-barred because the petitioner sought review beyond the 60-day limitation found in Rule 13. We suspend application of the time limit to expedite our consideration of this case and resolve the issues on their merits. See Tenn. R. App. P. 2.

Tennessee Rules of the Supreme Court, Rule 13 provides in pertinent part:

3

> In a capital case two attorneys may be appointed for one defendant and each is eligible for compensation.
> . . .
> Co-counsel or associate attorneys appointed in non-capital cases may not be compensated.

Tenn. R. Sup. Ct. 13; see also Rule 13 Compiler's Notes ("In a capital case two attorneys may be appointed for one defendant and each is eligible for compensation."). Rule 13 is unambiguous. One attorney may be appointed and receive compensation in non-capital cases. Two attorneys may be appointed and receive compensation in capital cases. The last sentence of the rule does not expand the number of attorneys who may receive compensation in a capital case ad infinitum. The sentence merely reaffirms that only one attorney may receive compensation in a non-capital case. Moreover, it is inappropriate to attempt to circumvent Rule 13's limitation of the appointment of two attorneys in a capital case by attempting to bill an attorney's time under another classification such as "expert fees" or "other expenses." Accordingly, the AOC did not abuse its discretion in denying compensation for the time of any attorney beyond the time of the two attorneys appointed to represent the defendant pursuant to Rule 13.

The petitioner has billed the state for paralegal services. Upon review of the Tenn. R. Sup. Ct. 13, we believe that the petitioner's claim for paralegal expenses should be denied. Rule 13 does not provide for reimbursement of paralegal expenses. The other expense provision, Tenn. R. Sup. Ct. 13, § 2 C(3), was not meant to subsidize an attorney's income or cover general office overhead. Accordingly, the AOC did not abuse its discretion in denying the paralegal expenses as billed.

4

The Federal Express charges in the amount of $ 127.75 required prior approval as an "other" expenses. The petitioner argues that anything requiring the use of overnight mail is necessarily so urgent that prior approval is not practical. The petitioner, however, has not stated the need for the overnight mail at issue and has offered no explanation as to why he could not have obtained prior approval for the charges.

The petitioner has billed the State for approximately $ 934.18 for meals at restaurants in Knoxville such as Bistro, Chesapeakes, Litton's, the Orangery, etc. Rule 13, however, does not permit reimbursement of meals in the city where appointed counsel practices. Reimbursement of meals, mileage and other travel expenses may occur when certain conditions are met under the Tennessee Judicial Travel Regulations or under the Internal Revenue Code § 162(a)(2). These conditions permitting meal reimbursement have not been met. The AOC, therefore, did not abuse its discretion in denying reimbursement for meal expenses.

We note that the trial judge entered an order purporting to give prior approval to all ongoing expenses associated with this litigation. A trial court should exercise caution in issuing "blank checks" under Rule 13. While Rule 13 is designed to provide adequate and competent representation of indigent defendants, Rule 13 was not designed to have the State "pick up the tab" at a local restaurant or subsidize a law practice.

The petitioner's claims are denied. Costs of this appeal shall be taxed to the petitioner, Herbert Moncier, for which execution may issue if necessary.

5

_____
JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota and Birch, J.J.
Reid, Sp.J.