# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. THOMAS DEE HUSKEY

**Criminal Court for Knox County**
**No. 51903**

---

**No. E-2002-00030-CCA-R10-CD**
**March 26, 2002**

---

Gary R. Wade, P.J., dissenting.

As acknowledged by the majority in its carefully considered opinion, trial judges are vested with broad discretionary powers in the conduct of a trial. Courts must monitor all attorney conduct and may direct a remedy if the performance impedes the orderly administration of justice. United States v. Dinitz, 538 F. 2d 1214, 1219 (5th Cir. 1976). That authority necessarily includes the supervision of appointed counsel for indigent defendants. Moncier v. Ferrell, 990 S.W.2d 710 (Tenn. 1998). An extraordinary appeal to this court on any issue relative to the supervision of the trial which requires immediate appellate review may be granted only in limited circumstances: (1) when the trial court has so far departed from the accepted and usual course of judicial proceedings as to require intervention; or (2) if necessary for a complete determination of the case. Tenn. R. App. P. 10.

In this instance, the majority concludes that the trial judge has so far departed from the usual course, by disqualifying one of the two defense attorneys, that our intervention is necessary. I disagree. By disqualifying defense counsel, the trial judge has chosen an unusual, perhaps risky, course of action. The disqualification issue is well documented in this record and may serve as a basis for reversal on direct appeal and the grant of a new trial. While I strongly advocate the right to counsel and, in circumstances such as this, a qualified entitlement to the continued service of counsel, I also believe that the trial judge, vested with the duty and responsibility of supervision of the trial, must be afforded broad discretion in the conduct of the trial:

> The right "cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." The public has a strong interest in the prompt, effective, and efficient administration of justice; the public's interest in the dispensation of justice that is not unreasonably delayed has great force.

State v. Zyla, 628 S.W.2d 39, 41-42 (Tenn. Crim. App. 1981) (quoting United States v. Burton, 584 F. 2d 485, 489-90 (D.C. Cir. 1978)). Someone must be in charge . . . and held accountable for arbitrary decisions. This court should not, however, interfere at any time before the verdict absent

overwhelming evidence that the trial judge has abused its discretionary authority. Any right to a continuation of counsel of choice "must be balanced against the requirements of the fair and proper administration of justice." United States v. Micke, 859 F. 2d 473, 480 (7th Cir. 1988).

As acknowledged by the majority, there is some evidence of contumacious conduct on the part of defense counsel. For example, defense counsel typically begins each proceeding by lodging a renewal of a motion to disqualify the trial judge, often restating the basis for the claim. That issue is preserved for posterity. Repeated renewals are unnecessary and wasteful of the resources already scarce in cases of this magnitude. So is the tedious re-assertion of requests for other relief, already either granted or denied, and well documented for purposes of appeal.

The indictment was issued nine years ago. There is already a voluminous record. The defendant is entitled to a speedy trial. The public is entitled to an accountable judiciary. The trial judge has made a threshold showing of counsel misconduct. I fear that the remedy fashioned by the majority may further delay the trial and render the trial judge powerless to conduct the trial in an authoritative and expedient manner. In summary, I would have ruled that the extraordinary appeal should not have been granted and would have delayed consideration of the disqualification issue until the conclusion of the case. In the event of an acquittal or a negotiated plea agreement, an appeal is unlikely. It is only in the event of a conviction and direct appeal that the disqualification issue is mature for resolution.

_____
GARY R. WADE, PRESIDING JUDGE